11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Jeremy
Dwuan Hall

Appellant

Vs.                   No. 11-04-00032-CR -- Appeal from Ector County

State
of Texas

Appellee

 

Jeremy Dwuan Hall appeals his conviction by a
jury, following his plea of guilty, of the offense of aggravated robbery.  The jury assessed his punishment at 55 years
in the Texas Department of Criminal Justice, Institutional Division.  He contends in a single issue that the
comments by the trial court during voir dire were comments on the weight of the
evidence and were so prejudicial that they deprived him of a fair and impartial
trial.  We affirm. 

 The record
reflects that Hall and a companion stole beer from a convenience store; then
returned; got money from the cash register; and, in the process, punched the
cashier=s face,
body, and chest, and kicked and stomped him. 
The attack resulted in the cashier suffering severe closed head trauma.

In discussing the range of punishment with the
jury, the trial court said, ANow
the question that Mr. Hadden is asking you about punishment in a way has
nothing to do with this case.@  The court went on to describe a situation
where someone comes into a store because his or her family is starving, grabs a
loaf of bread, pushes the clerk down, and the clerk suffers serious bodily
injury when they hit their head when being pushed down.  The court suggested that was a situation
where the jury might consider a punishment in the lower range.  Next, the court described a situation where a
person goes in to rob someone, pistol whips them, ties them up, and does all
kinds of terrible things to them, and suggested that that is a case where it
might be appropriate to consider the maximum punishment.








After this explanation of the reason for having a
range of punishment, the trial court stated, ADo
you see now why that is the reason for the range of punishment?  It has nothing to do with this case.@ 
Rather than object to the court=s
comments, Hall waited until the conclusion of the voir dire, moving to quash
the jury panel or Afor lack
of a better word mistrial.@

When a party=s
first action is to move for mistrial, the scope of appellate review is limited
to the question of whether the trial court erred in not taking the most serious
action of ending the trial.  Young v.
State, 137 S.W.3d 65, 70 (Tex.Cr.App.2004). 
An event that could have been prevented by timely objection or cured by
instruction to the jury will not lead an appellate court to reverse a judgment
on appeal by the party who did not request these lesser remedies in the trial
court.  Id.   

The record reflects that the trial court was using
two examples:  one that would possibly
justify a lower punishment and one that would possibly justify a higher
punishment.  The trial court made clear
that the examples were used to explain the concept and that they had nothing to
do with Hall=s
case.  We, therefore, do not accept Hall=s assertion that the trial court=s comments could reasonably be
interpreted to mean that the trial court was suggesting that the jury should
assess the maximum punishment for Hall. 
Even if the trial court=s
comments could be construed to be 
comments on the weight of the evidence, we hold that any such error in
the trial court=s
comments could be cured by an instruction to disregard.  Consequently, the trial court did not err by
overruling Hall=s motion
to quash the panel or motion for mistrial. 
We disagree with Hall=s
assertion that an instruction to disregard would not have cured the error.  Consequently, we overrule Hall=s sole issue.     The
judgment is affirmed.  

 

PER CURIAM

 

August 11, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel consists of: 
Wright, J., and

McCall, J., and Hill J.[1]











[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.